# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION


**ROBERT VAUGHN, ET AL**      :      **CIVIL ACTION NO. 17-0861**


**VERSUS**      :      **UNASSIGNED DISTRICT JUDGE**

**LAKE CHARLES JOINT**
**VENTURE, LLC., ET AL**      :      **MAGISTRATE JUDGE KAY**


## REPORT AND RECOMMENDATION


Before the court is a Motion to Remand [doc. #9] filed by plaintiffs, Robert Vaughn and Sara Vaughn. The motion is opposed by defendant, Lake Charles Joint Venture, LLC ("L.C. Joint Venture"). [1]

For the reasons that follow the court recommends that the motion be GRANTED.

## I.
### BACKGROUND

Plaintiffs filed suit on April 13, 2017 in the 14th Judicial District Court, Parish of Calcasieu, Louisiana, for injuries allegedly sustained by Robert Vaughn when he slipped and fell in a bathroom at a hotel owned and operated by defendants. [2] Doc. 1, att. 1, pp. 1-4. L.C. Joint Venture was served with the petition on April 27, 2017. *Id.* at p. 16. Defendant SAI Hotel, Inc. was served on April 26, 2017. *Id.* at p. 15.

While the case was pending in state court L.C. Joint Venture filed an exception of nonconformity and vagueness alleging, *inter alia,* that plaintiffs failed to set forth their domicile in

---

[1] Defendant SAI Hotel, Inc. does not join in L.C. Joint Venture's opposition nor has it filed its own opposition to the motion to remand.
[2] Sara Vaughn seeks damages for loss of consortium. Doc. 1, att. 1, p. 3, ¶10.

the petition. Doc. 12, att. 1, pp. 35-36. Shortly thereafter, plaintiffs filed a supplemental and amending petition alleging that their domicile is the state of South Carolina. *Id.* at pp. 53-54.

Defendant L.C. Joint Venture filed a Notice of Removal on July 5, 2017, alleging jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction.[3] Doc. 1. It alleges that plaintiffs are residents of the state of South Carolina and that L.C. Joint Venture is a corporation "organized under the laws of the State of Louisiana, and whose members reside in the states of Louisiana and Texas." *Id.* It further alleges that SAI Hotel, Inc. is a corporation "organized under the laws of the State of Louisiana, and whose members reside in the states of Louisiana and Texas." *Id.*

Plaintiffs filed a motion to remand on July 21, 2017. Doc. 9. Plaintiffs' motion to remand asserts that removal was improper under 28 U.S.C. § 1441(b)(2), commonly referred to as the "forum defendant rule." They argue that, since L.C. Joint Venture alleges in the notice of removal that both it and SAI Hotel, Inc. are citizens of Louisiana, the case cannot be removed based on the forum defendant rule. *Id.*

After the motion to remand was filed, L.C. Joint Venture filed a Supplemental and Amended Notice of Removal on July 26, 2017. Doc. 12. In its amended notice L.C. Joint Venture asserts that it is a limited liability company whose members are citizens of Texas and Louisiana. *Id.* It also states that SAI Hotel, Inc. consents to the removal and that the amount in controversy exceeds $75,000.[4]

In opposing the motion to remand L.C. Joint Venture does not deny that it is a citizen of Louisiana; rather, it argues that the forum defendant rule is inapplicable because it was not properly served with the supplemental and amending petition until July 12, 2017.[5] Doc. 15. In reply plaintiffs

---

[3] The Notice of Removal fails to allege the amount in controversy and it fails to state whether or not SAI Hotel, Inc. consents to the removal.
[4] L.C. Joint Venture attaches correspondence from counsel for SAI Hotel, Inc. which gives consent to the removal. Doc. 12, att. 2.
[5] L.C. Joint Venture concedes that it received a courtesy copy of the supplemental and amending petition on June 19, 2017. Doc. 1, p. 1. ¶1.

contend that both L.C. Joint Venture and SAI Hotel, Inc. were properly served with the original petition on April 27, 2017 and April 26, 2017, respectively, thus, under the forum defendant rule, removal was improper. Doc. 19.

## II.
### LAW AND ANALYSIS

Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the proper federal district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995).

Generally, a defendant must file a notice of removal to federal court within 30 days of the time the defendant receives an "initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1). When the initial pleadings do not provide grounds for removal, defendants may file its notice of removal within 30 days of receiving "an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The applicable removal statute incorporating the forum defendant rule provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest **properly joined and served as defendants** is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2) (emphasis added). Failure to comply with the forum defendant rule renders removal procedurally defective. *See In re 1994 Exxon Chem. Fire,* 558 F.3d 378, 392–94 (5th

Cir.2009). A procedural defect may be waived if it is not raised in a motion to remand filed within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c).

Here, attached to the notice of removal is a return of service which shows that L.C. Joint Venture was served with a copy of the original petition for damages on April 27, 2017. Doc. 1, att. 1, p. 16. Also attached to the notice of removal is a return of service which shows that defendant SAI Hotel, Inc. was served with a copy of the original petition for damages on April 26, 2017. *Id.* at p. 15. A plain reading of 28 U.S.C. § 1441(b)(2), the forum defendant rule, indicates that L.C. Joint Venture has not met its burden of showing that the removal is procedurally proper. At the time of removal, July 5, 2017, both L.C. Joint Venture and SAI Hotel, Inc. were served and L.C. Joint Venture does not contend that there is any defect in service nor does it contend that either defendant was improperly joined. Both defendants are citizens of the forum state, Louisiana, thus plaintiffs' motion to remand which objects to removal on the basis of the forum defendant rule must be granted.

L.C. Joint Venture's argument that it had not been served with the supplemental and amending petition is misplaced. At most, the supplemental and amending petition, which L.C. Joint Venture received on June 19, 2017, put L.C. Joint Venture on notice that the plaintiffs were diverse in citizenship and began the thirty 30 day period to remove under 28 U.S.C. § 1446(b)(3).[6] Since the notice of removal was filed on July 5, 2017 timeliness is not at issue in the plaintiffs' motion to remand.

### III.
#### CONCLUSION

For the reasons stated, it is RECOMMENDED that plaintiffs' Motion to Remand [#9] be GRANTED.

---

[6] Title 28 U.S.C. § 1446(b)(3) provides that a defendant may file a notice of removal within 30 days of receiving "an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable."

Under the provisions of 28 U.S.C. §636 and Fed.R.Civ.Proc. 72, parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

Should either party appeal this order, the remand will be stayed pending resolution by the district judge. If no timely appeal is filed, the Clerk shall remand the action forthwith.

THUS DONE AND SIGNED in Chambers this 12th day of September, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE